IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

HEITH JONATHAN RAYMOND                                           PLAINTIFF
ADC #120729

v.                      No. 3:24-cv-90-DPM-JJV

POINSETT COUNTY JAIL; SUSAN
DUFFLE, Nurse, Poinsett County Jail;
ELLIOT NOONER, Jailer, Poinsett County
Jail; and CHRIS REID, Jailer, Poinsett
County Jail                                                       DEFENDANTS

ORDER

Raymond is an inmate in the Poinsett County Jail. He takes "all kinds" of blood pressure and heart medication. *Doc. 4 at 2.* He says that on multiple occasions, Jailer Elliot Nooner gave him the wrong medications. Raymond complained to Nurse Susan Duffle, who admitted that this was a "dangerous and maybe deadly issue." *Doc. 4 at 2.* Nurse Duffle, however, told Raymond not to file a form (presumably a grievance) because it would fall back on her. But she assured Raymond that it wouldn't happen again. It did. Raymond and his mother alerted Nurse Duffle. Yet she continued to allow Jailer Nooner to pass out medication to Raymond despite Nooner's continued mistakes.

Raymond sued, naming Jailer Nooner, Nurse Duffle, Poinsett County Jail, and Jailer Chris Reid as defendants. He filed an amended

complaint bringing claims only against Jailer Nooner and Nurse Duffle. The Magistrate Judge recommended dismissal for failure to state a claim. Raymond has not objected.

The Court declines to adopt the recommendation, *Doc. 5*. Fed. R. Civ. P. 72(b). Mistakenly dispensing medications, even on more than one occasion, could be negligence or gross negligence, rather than deliberate indifference. *Spann v. Roper*, 453 F.3d 1007, 1008 (8th Cir. 2006) (*per curiam*). It depends on the circumstances. Neither negligence or even gross negligence is actionable under § 1983. But Raymond says this happened several times and continued even after he complained to Nurse Duffle. His mother complained to her, too, after it kept on happening. And while Raymond's allegations of harm are thin, he says enough to pass muster at the screening stage. Service is appropriate on his deliberate indifference claims. In due course, the evidence will show whether Raymond's plausible claim has merit or not under the strict law that applied here. *E.g., Presson v. Reed*, 65 F.4th 357, 367 (8th Cir. 2023)

The Clerk shall prepare summonses for Jailer Nooner and Nurse Duffle, and the United States Marshal shall serve those summons and copies of the amended complaint, *Doc. 4*, without prepayment of fees and costs or security. Service may be made at the Poinsett County Jail, 1500 Justice Lane, Harrisburg, Arkansas, 72432. The Court directs the Clerk to terminate Poinsett County Jail and Jailer Reid as defendants in

this case. The Court refers this case back to the Magistrate Judge for further proceedings.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_____
11 July 2024